SAMUEL E. PHILLIPS *v.* CHAS. P. BURDIN, ETC.

**Dismissal and Nonsuit—Sufficiency of Evidence.**

     The evidence was held not sufficient to sustain plaintiff's petition, and the petition was properly dimsissed.

APPEAL FROM LOUISVILLE CHANCERY COURT.

March 7, 1873.

OPINION BY JUDGE LINDSAY:

Wm. P. Phillips states that Burdin said to him that he owed Tatum more than would pay for the work, and before paying Tatum he would notify him (witness) and see that he was paid; that Burdin allowed him to go on with the work and said that he should be paid, whereupon the work was resumed and he always looked to Burdin for the money due.

Thompson says Burdin said to Phillips that he owed Tatum more than would pay for all the work and that he would not pay him

until he had notified him (Phillips) also to go on and do the work and he should be paid.

Giving to this testimony the construction most favorable to appellant, it does not show that he abandoned his contract with Tatum, and completed the work, upon the idea that he had made a new contract with Burdin. All that he demanded of Burdin was that he would hold back from Tatum a sum sufficient to pay for the work he had undertaken to do, and that he be responsible to him, or see that he was paid. This and nothing more Burdin promised. It was a promise upon his part to pay the debt, or to answer for the default of Tatum. Not being in writing, it is within the statute of frauds, and can not be enforced by suit.

Upon the proof the chancellor properly dismissed appellant's petition.

The judgment must be *affirmed*.

*Riley, for appellant.*

*Dembitz & Wehle, for appellee.*